**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2335
_____

ALCIRA MIREYA CALONA-ESCOBAR; J. R. L.-C.,
Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision of
the Board of Immigration Appeals
(Agency Nos. A216-274-423 & A216-274-424)
Immigration Judge: Joseph C. Scott
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on December 5, 2025

Before: CHAGARES, *Chief Judge*, FREEMAN and BOVE, *Circuit Judges*

(Opinion filed: December 9, 2025)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FREEMAN, *Circuit Judge*.

Alcira Mireya Calona-Escobar and her minor son petition for review of the Board of Immigration Appeals's ("BIA") decision affirming the Immigration Judge's ("IJ") denial of their application for asylum and withholding of removal.[1] For the reasons set forth below, we will deny the petition.

## I

Calona and her son are citizens of Honduras. In 2017, they entered the United States without being admitted or paroled. The day they entered, they were charged with removability. They conceded the charge and applied for asylum and withholding of removal.

In support of their application, Calona testified that armed gang members in Honduras came to her home on three occasions looking for her ex-partner. Her ex-partner previously sold drugs for the gang but left the area when police started investigating the gang's role in a murder. The gang members threatened Calona, trying to get her to reveal her ex-partner's whereabouts, and they tried to recruit her to sell drugs for them. Calona did not reveal her ex-partner's location and refused to sell drugs for the gang. Although the threats made Calona fearful, the gang members did not physically harm her.

---

[1] Calona is the lead petitioner. Her son was a derivative to her asylum application, and he brought his own application for asylum and withholding of removal. Both applications asserted the same factual basis for relief, so we refer to their "application" in the singular.

Calona and her son sought relief based on their membership in proposed particular social groups ("PSGs") related to their alleged ability to assist law enforcement. An IJ denied their application and ordered Calona's and her son's removal. As relevant here, the IJ determined that (1) the proposed PSGs were not cognizable, and (2) even if the PSGs were cognizable, Petitioners did not establish past persecution on account of membership in any of the PSGs, as the gang members' threats were not sufficiently menacing or concrete to rise to persecution.

On appeal, BIA agreed with the IJ's past-persecution ruling, and it declined to reach the cognizability of the PSGs. Petitioners timely filed this petition for review of the BIA's decision.

## II[2]

Petitioners argue that the agency erred when it held that the threats Calona experienced did not constitute past persecution.[3] To show persecution based on threats, the threats must be so "concrete and menacing" that they endanger "the petitioner's life or liberty." *Herrera-Reyes v. Att'y Gen.*, 952 F.3d 101, 110 (3d Cir. 2020). "[W]e have

---

[2] We have jurisdiction under 8 U.S.C. § 1252(a)(1). Because "the BIA affirm[ed] and partially reiterate[d] the IJ's discussions and determinations, we look to both decisions." *Myrie v. Att'y Gen.*, 855 F.3d 509, 515 (3d Cir. 2017). "We review legal determinations de novo and factual findings for substantial evidence." *Saban-Cach v. Att'y Gen.*, 58 F.4th 716, 724 n.23 (3d Cir. 2023).

[3] As relevant here, an applicant can qualify for asylum by proving she is unable or unwilling to return to return to her country "because of persecution . . . on account of . . . membership in a [PSG]." 8 U.S.C. § 1101(a)(42). To qualify for withholding of removal, an applicant must qualify for asylum and show a likelihood of future persecution if removed. *See Lukwago v. Ashcroft*, 329 F.3d 157, 182 (3d Cir. 2003); 8 C.F.R. § 208.16(b)(2).

3

refused to extend asylum protection for threats that, while sinister and credible in nature, were not highly imminent or concrete or failed to result in any physical violence or harm to the alien." *Chavarria v. Gonzalez*, 446 F.3d 508, 518 (3d Cir. 2006).

The agency properly applied the applicable law, and substantial evidence supports the IJ's finding that Calona did not demonstrate past persecution. *See Thayalan v. Att'y Gen.*, 997 F.3d 132, 137 n.1 (3d Cir. 2021).[4] After discussing Calona's testimony about the threats, the IJ based its finding on undisputed evidence that the gang members did not physically harm Calona, and their threats did not escalate after she rejected their recruitment efforts and refused to reveal her ex-partner's whereabouts. That was a reasonable finding on this record. *See id.* at 137.

*     *     *

For these reasons, we will deny the petition for review.

---

[4] We would reach the same conclusion under de novo review. *See Urias-Orellana v. Garland*, 121 F.4th 327 (1st Cir. 2024), *cert. granted sub nom. Urias-Orellana v. Bondi*, 145 S. Ct. 2842 (U.S. June 30, 2025) (granting certiorari to address whether a federal appeals court must defer to the BIA's judgment that a set of undisputed facts does not amount to persecution). This case is unlike those in which we have deemed threats sufficiently concrete to constitute past persecution. *See Herrera-Reyes*, 952 F.3d at 106–08.